```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ZURICH INSURANCE COMPANY (f/k/a    :
Alpina Insurance Company Ltd.)     :
a/s/o BOEHRINGER INGELHEIM         :
INTERNATIONAL GmbH,                :
                                   :
        Plaintiff,                 :   04 Civ. 4697 (JFK)
                                   :   MEMORANDUM OPINION
    -against-                      :      and ORDER
                                   :
PRIME, INC.,                       :
                                   :
        Defendant/Third-Party      :
        Plaintiff,                 :
                                   :
    -against-                      :
                                   :
1050758 ONTARIO, INC., d/b/a S.M.  :
FREIGHT,                           :
                                   :
        Third-Party Defendant.     :
-----------------------------------X
```
APPEARANCES[1]:

    For Defendant/Third-Party Plaintiff Prime, Inc.:
        Jon Michael Dumont, Esq.
        James A. Wescoe, Esq.
        Rawle & Henderson LLP
        140 Broadway, Suite 4636
        New York, New York 10005

    For Third-Party Defendant 1050758 Ontario, Inc., d/b/a
    S.M. Freight:
        Brian Del Gatto, Esq.
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        One Stamford Plaza
        263 Tresser Boulevard
        Stamford, Connecticut 06901
        3 Gannett Drive
        White Plains, New York 10604

**JOHN F. KEENAN, United States District Judge**

---

[1] Plaintiff Zurich Insurance Company takes no position with respect to the motion before the Court and waived its appearance at oral argument.

**JOHN F. KEENAN**, United States District Judge:

This matter is before the Court on the Motion of third-party defendant 1050758 Ontario, Inc., d/b/a/ S.M. Freight ("S.M. Freight") to dismiss the Third-Party Complaint because of improper venue under a forum selection clause.  For the reasons that follow, S.M. Freight's motion to dismiss is granted.

**Facts**

Plaintiff Zurich Insurance Company ("Zurich") is the cargo insurer for the consignment of a shipment of pharmaceuticals owned by plaintiff Boehringer Ingelheim (Canada), a subsidiary of plaintiff Boehringer Ingelheim International BmgH (collectively "Boehringer").  The pharmaceuticals were delivered to defendant Prime, Inc. ("Prime") in Oklahoma and placed in a container for shipment by road to Boehringer's premises in Burlington, Ontario, Canada.  Prime was given instructions to maintain the temperature of the pharmaceuticals at +18º C.

When the shipment arrived at Burlington, the temperature graphs within the container showed that temperatures as low as -15º C and -28º C had been reached.  Thus, the pharmaceuticals had to be declared a constructive total loss and were destroyed.  Boehringer submitted its claim for damages to its insurer.  Zurich paid the claim and sued Prime for damages in the amount of $140,000 plus interest and costs.  Prime then brought a third-party action against S.M. Freight, alleging that S.M. Freight was

the actual transporter of the pharmaceuticals pursuant to a "Contract Carrier Agreement" ("CCA") between Prime and S.M. Freight, and seeking indemnification.

S.M. Freight now moves to dismiss, based on Fed. R. Civ. P. 12(b)(3) or, alternatively, 28 U.S.C. § 1406(a), for improper venue. The CCA contains a forum selection clause that states, "The Agreement shall be governed and construed under the laws of the State of Missouri, and all disputes arising hereunder shall be heard by a Court of competent jurisdiction in Greene County, Missouri." CCA ¶ 14. S.M. Freight argues that this forum selection clause makes venue in New York improper for the third-party claim.

Prime argues that S.M. Freight should not prevail because, as a third-party defendant, S.M. Freight does not have standing to object to venue. Prime also contends that it would be a waste of judicial resources to litigate the third-party action in another court while the principal action proceeds in this court. Finally, Prime argues that, because the motion lacks merit, S.M. Freight should pay Prime's costs in defending this motion.

**Discussion**

I. Proper Procedural Framework

The qusetion of the proper framework within which to examine a motion to dismiss a complaint based on the enforcement of a forum selection clause has not been definitively answered. See

2

Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co., No. 03 Civ. 5262 (JFK), 2004 WL 421793 at *2, 2004 U.S. Dist. LEXIS 3508 at *4-5 (S.D.N.Y. Mar. 5, 2004) (citing New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 28-29 (2d Cir. 1997); Jockey Int'l, Inc. v. M/V "Leverkusen Express", 217 F. Supp. 2d 447, 450 (S.D.N.Y. 2002) ("The Second Circuit has not decided what rule governs dismissals based on a forum selection clause.")). Nonetheless, courts of this circuit have made clear that courts do possess the ability under either Rule 12(b)(3) or § 1406(a) to dismiss a case upon a motion that a forum selection clause renders venue in a particular court improper. Jockey Int'l, 217 F. Supp. at 450; Tech. Express, Inc. v. FTF Bus. Sys. Corp., No. 99 Civ. 11692 (LAK), 2000 WL 222628 at *3, 2000 U.S. Dist. LEXIS 2006 at *9-10 (S.D.N.Y. Feb. 25, 2000).

S.M. Freight brings the instant motion under Rule 12(b)(3) and, alternatively, 28 U.S.C. § 1406(a). Neither party has offered materials outside the pleadings[1]. Although Prime contends that § 1406(a) does not apply, it does not object to treating the motion as one brought pursuant to Rule 12(b)(3). The Court will therefore treat the motion as one to dismiss under Rule 12(b)(3).

---

[1] Prime has submitted its letter to S.M. Freight relating to Prime's intention to bring a request for attorneys' fees related to the motion. Because of the disposition of this motion, the Court need not consider that document.

II. <u>Third Party Standing to Object to Venue</u>

Ordinarily, a third-party defendant does not have standing, absent specific statutory authorization, to object to venue. <u>See First Fed. Sav. & Loan Ass'n v. Oppenheim, Appel, Dixon & Co.</u>, 634 F. Supp. 1341, 1349 (S.D.N.Y. 1986) (citing cases and treatises). However, it is not clear that this doctrine applies in the face of a forum selection clause, as courts in this circuit and beyond have allowed third-party defendants to prevail on motions to dismiss pursuant to valid forum selection clauses. <u>See generally</u> <u>Glyphics Media, Inc. v. M.V. "Conti Singapore"</u>, No. 02 Civ. 4398 (NRB), 2003 WL 1484145, 2003 U.S. Dist. LEXIS 4387 (S.D.N.Y. Mar. 21, 2003); <u>Laserdynamics Inc. v. Acer America Corp.</u>, 209 F.R.D. 388 (S.D. Tex. 2002); <u>Lafargue v. Union Pacific R.R.</u>, 154 F. Supp. 2d 1001 (S.D. Tex. 2001). Therefore, S.M. Freight has standing to bring this motion and the Court now turns to the validity of the forum selection clause.

III. <u>The Forum Selection Clause Is Valid and Enforceable</u>

Forum selection clauses at one time were disfavored, but today are presumptively valid. <u>See</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 9-10 (1972); <u>Bense v. Interstate Battery Sys. of Am., Inc.</u>, 683 F.2d 718, 721 (2d Cir. 1982) (stating that "any such 'general hostility' towards forum-selection clauses is today simply a vestigial remainder of an outmoded doctrine"); <u>Mercury West</u>, 2004 WL 421793 at *3, 2004 U.S. Dist. LEXIS 3508 at

*6-7. In fact, the Court of Appeals for the Second Circuit has developed a policy of honoring forum selection clauses. See Strategic Mktg. & Communications, Inc. v. Kmart Corp., 41 F. Supp. 2d 268, 270 (S.D.N.Y. 1998). Underlying this policy is an understanding that forum selection clauses carry an economic benefit to at least one of the parties that is typically reflected in the overall economics of the contract. As such, these clauses are bargained-for terms of the contract that deserve to be honored by courts. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991); Ins. Corp. of Hannover, Inc. v. Latino Americana de Reaseguros, S.A., 868 F. Supp. 520, 529 (S.D.N.Y. 1994).

Parties seeking to avoid enforcement of a forum selection clause bear the heavy burden of making a "strong showing" in order to overcome the presumption of validity from which these clauses benefit. See New Moon Shipping, 121 F.3d at 29. More specifically, the party must convince the court that enforcement would be unreasonable and unjust, or that the clause is the result of fraud or overreaching. See Id.; Bense, 683 F.2d at 721-22; Jockey Int'l, 217 F. Supp. 2d at 451. A forum selection clause may be found unreasonable or unjust if its enforcement will for all practical purposes deprive the complaining party of its day in court due to the grave inconvenience or unfairness of the selected forum, or if the clause contravenes a strong public

policy of the forum state. Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993); Ins. Corp. of Hannover, 868 F. Supp. at 529 (S.D.N.Y. 1994).

Prime does not argue that the forum selection clause is unreasonable or unjust or will deny Prime its day in court. Prime does assert, however, that the enforcement of a forum selection clause violates Missouri public policy. (Neither party argues that New York public policy would be violated by the enforcement of the forum selection clause.) This assertion is in error, as the Supreme Court of Missouri has joined the majority of jurisdictions in the United States that recognize the validity of freely negotiated forum selection clauses, as long as a given forum selection clause is neither unfair nor unreasonable. High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. 1992).

Because no showing has been made that the forum selection clause at issue here is either unfair or unreasonable, the Court will enforce the forum selection clause and dismisses the third-party complaint for improper venue.

**Conclusion**

For the reasons set forth above, S.M. Freight's motion to dismiss is granted without prejudice to the refiling of the claim in a court of appropriate jurisdiction of Greene County, Missouri, pursuant to the forum selection clause. Because of the

disposition of S.M. Freight's motion, Prime's request for costs is denied as moot.[2] The remaining parties, Zurich and Prime, are ordered to appear before the Court for a conference on August 30, 2005, at ten o'clock in the forenoon.

SO ORDERED.

Dated:     New York, New York
           August 9, 2005

                                   JOHN F. KEENAN
                                   United States District Judge

---

[2]Furthermore, Prime has failed to assert any statutory or procedural basis that would authorize the Court to award costs.